WO

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Yang Zheng,

Plaintiff,

v.

United States Citizenship and Immigration Services, et al.

Defendants.

No. CV-25-01693-PHX-SHD

**ORDER**

Pending before me is the Motion to Dismiss Plaintiff's First Amended Complaint ("Motion") filed by Defendants United States Citizenship and Immigration Services ("USCIS") and Joseph B. Edlow, Director of USCIS (collectively, "Defendants"). (Doc. 18.) For the reasons explained below, the Motion will be **granted**.

## I. BACKGROUND

Plaintiff Yang Zheng ("Zheng") is an EB-5 immigrant investor. USCIS approved Zheng's Form I-526, Immigrant Petition by Alien Entrepreneur, in 2013. (Doc. 10 at ¶¶ 2, 34.) Zheng then obtained conditional lawful permanent resident status in 2015 based on the approved I-526 petition. (*Id*. at ¶¶ 2, 35.) Zheng later timely filed a Form I-829, or a Petition by Entrepreneur to Remove Conditions on Permanent Resident Status. (*Id*. at ¶ 36.) USCIS issued a Request for Evidence in March 2021 and a Notice of Intent to Deny the I-829 petition ("NOID") in September 2021. (Doc. 10 at ¶ 37; Doc. 18 at 3–4.) Zheng alleges that USCIS failed to provide a Notice of Intent to Revoke ("NOIR") and did not invoke the revocation-on-notice procedure required by 8 C.F.R § 205.2. USCIS denied

Zheng's I-829 petition on January 25, 2022, determining that Zheng had not established eligibility for removal of conditions. (Doc. 10 at ¶ 38; Doc. 18 at 4.)

Zheng then filed a Form I-290B motion to reopen or reconsider the I-829 denial. (Doc. 10 at ¶ 40.) USCIS dismissed that motion in December 2024. (*Id*. at ¶¶ 41–42; Doc. 18 at 4.) On December 12, 2024, the Department of Homeland Security issued Zheng a Notice to Appear ("NTA") to initiate removal proceedings. (Doc. 21 at 2–3; Doc. 18-4 at 2-4.) Under the NTA, DHS ordered Zheng to appear on September 3, 2026. (Doc. 18-4 at 2.) Zheng filed this action in May 2025. (Doc. 1.) As of the date of this order, the parties have not provided any notice of a final order of removal.

Zheng filed the operative First Amended Complaint ("FAC") in December 2025. (Doc. 10.) Zheng asserts two claims under the Administrative Procedure Act ("APA"): (1) that USCIS's alleged practice of re-adjudicating previously approved Form I-526 petitions during Form I-829 adjudications is arbitrary, capricious, and an abuse of discretion under 5 U.S.C. § 706(2)(A); and (2) that the alleged practice is contrary to law, in excess of USCIS's statutory authority, and undertaken without observance of procedure required by law under 5 U.S.C. § 706(2)(A), (C), and (D). (Doc. 10 at ¶¶ 59–68.)

Zheng characterizes this action as "expressly policy-level" and states that he does not seek an adjudication of the merits of his I-829 petition. (*Id*. at ¶ 8.) Rather he seeks: (1) a declaration that USCIS's alleged policy or practice violates the APA; (2) an order requiring USCIS to apply lawful standards prospectively in I-829 adjudications affected by the asserted practice, including any "adjudication, reopening, reconsideration, or other agency review undertaken after entry of judgment"; and (3) an injunction barring USCIS from continuing the alleged practice. (*Id*. at 13.)

Defendants moved to dismiss the FAC under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. (Doc. 18.) Defendants argue that: (1) Zheng cannot show that a favorable judicial decision will redress his alleged injury; (2) his claims are not ripe for review; and (3) his claims are foreclosed by the removal-review jurisdiction stripping statute, 8 U.S.C. § 1252(b)(9). (*Id*. at 1, 5–15.) Zheng responded to

the Motion, (Doc. 21), and Defendants replied, (Doc. 26), so this Motion is fully briefed.[1]

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The party invoking federal jurisdiction bears the burden of establishing jurisdiction. *Id.* A federal court must dismiss an action whenever it determines that subject matter jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3); *Spencer Enters., Inc. v. United States*, 345 F.3d 683, 687 (9th Cir. 2003).

Federal courts possess only the jurisdiction conferred by Congress. *Kokkonen*, 511 U.S. at 377 (1994). Congress has prescribed a statutory review scheme for claims arising from removal-related actions. *See Jennings v. Rodriguez*, 583 U.S. 281, 292–94 (2018). Section 1252(b)(9), which is part of that scheme, provides:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section.

8 U.S.C. § 1252(b)(9). The Ninth Circuit has explained that § 1252(b)(9) is a claim-channeling provision that consolidates review of removal-related claims in a petition for review from a final removal order. *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1031–35 (9th Cir. 2016). The provision is "breathtaking in scope and vise-like in grip," and it "swallows up virtually all claims that are tied to removal proceedings." *Id.* at 1031 (quotation marks omitted). Section 1252(b)(9) channels "all claims, including policies-and-practices challenges," through the petition-for-review process when those claims "arise from" removal proceedings. *Id.* at 1035.

## III. DISCUSSION

Defendants argue that § 1252(b)(9) channels Zheng's claims through the statutory removal review process and therefore deprives the court of subject matter jurisdiction.

---

[1] The parties did not request oral argument, and it is not necessary, so this motion is decided without holding a hearing. *See* LRCiv 7.2(f).

(Doc. 18 at 9–15.)

Zheng advances two related arguments in response. First, he contends that § 1252(b)(9) does not apply because his claims do not arise from removal-related action by USCIS. He characterizes this case as a challenge to an allegedly unlawful USCIS policy or practice, rather than a challenge to the merits of his individual I-829 denial. (Doc. 21 at 8–10.) He emphasizes that he seeks declaratory and prospective injunctive relief against USCIS—not vacatur of the I-829 denial—and that an immigration judge cannot award the programmatic APA relief he seeks. (*Id.* at 9–12.) Second, Zheng relies on *Nakka v. U.S. Citizenship & Immigr. Services*, 111 F.4th 995 (9th Cir. 2024), to argue that jurisdiction-stripping provisions do not bar truly collateral challenges to generally applicable agency policies or procedures. (Doc. 10 ¶ 14.) He contends that his APA claims fall within that collateral-challenge framework.

Because I conclude that § 1252(b)(9) independently requires dismissal and that alternatively Zheng cannot show redressability, I do not reach Defendants' argument concerning ripeness.

### A. Zheng's Claims Arise from Removal-Related Action

I first address Zheng's characterization of his claim as challenging an unlawful USCIS policy or practice, rather than challenging the denial of his own I-829 petition. (*Id.* at ¶ 8.) Zheng's claims arise directly from USCIS's adjudication and denial of his Form I-829 petition. An adverse determination on an I-829 petition terminates an investor's conditional permanent-resident status. 8 U.S.C. § 1186b(c)(3)(C). When USCIS denies an I-829 petition, it "shall issue a notice to appear," and the investor may seek review of the denial in removal proceedings. 8 C.F.R. § 216.6(d)(2); *see also Hui Ran Mu v. Barr*, 936 F.3d 929, 931 (9th Cir. 2019).

That sequence occurred here. USCIS denied Zheng's I-829 petition and terminated his conditional permanent-resident status. (Doc. 10 at ¶ 38; Doc. 18-2 at 1; Doc. 18-4 at 2.) DHS then issued an NTA to Zheng. (Doc. 18-4 at 2–3; Doc. 21 at 2–3; Doc. 26 at 3.) His claimed injury arises from USCIS's alleged use of an unlawful practice in that

adjudication. (Doc. 10 ¶¶ 17, 37–44, 53–57.) The declaratory and injunctive relief he requests would require a determination as to whether USCIS used lawful procedures and standards in adjudicating his I-829 petition. (*Id.* at 13.) And because an I-829 petition is connected to, and in fact triggers, removal proceedings, this case would require a determination of rights related to removal proceedings.

Zheng cannot avoid § 1252(b)(9) merely by characterizing his challenge as one to a USCIS "policy," "practice," or "procedure." The question under § 1252(b)(9) is whether the claim arises from an action taken or proceeding brought to "remove an alien." 8 U.S.C. § 1252(b)(9). The court in *J.E.F.M.* held that § 1252(b)(9) channels "all claims, including policies-and-practices challenges," through the petition-for-review process when they arise from removal proceedings. 837 F.3d at 1035.

Here, Zheng relies on the denial of his own I-829 petition as the concrete application of the alleged policy and as the source of his injury. His alleged harms—the termination of conditional status, the issuance of the NTA, and the resulting removal proceedings—derive from that adjudication. The claims therefore arise from removal-related action and fall within § 1252(b)(9). *See J.E.F.M.*, 837 F.3d at 1035.

**B. *Nakka* Does Not Remove This Action From § 1252(9)**

I next address Zheng's argument that, under *Nakka*, jurisdiction-stripping provisions do not bar truly collateral challenges. (*See* Doc. 10 at ¶ 14.) On its face, *Nakka* is inapplicable because it addressed the scope of a different provision: 8 U.S.C. § 1252(a)(2)(B)(i). 111 F.4th at 999. There, the Ninth Circuit held that § 1252(a)(2)(B)(i) does not categorically eliminate district-court jurisdiction over claims challenging generally applicable policies without referring to or relying on individual denials. *Id.* at 1008–10. Put another way, the *Nakka* Court did not address, let alone hold, that policy-and-practice claims are categorically exempt from § 1252(b)(9). To the contrary, the Court distinguished § 1252(b)(9), explaining that Congress used broader language in § 1252(b)(9) than in § 1252(a)(2)(B)(i), and that the broader language supports channeling policy-and-practice claims that arise from removal proceedings. *Id.* at 1005 n.8, 1009; *see*

*also J.E.F.M.*, 837 F.3d at 1035.

Moreover, even if *Nakka* applied, Zheng's argument would still fail because his claims are not truly collateral to his individual I-829 adjudication. *Nakka* distinguished between a general challenge to an agency policy and a claim that relies on the denial of the plaintiff's own immigration application. 111 F.4th at 1009–10. When a plaintiff invokes an individual denial as the injury giving rise to the claim, and the governing statute channels review of that denial through a specified administrative and judicial review process, a district court may not entertain the claim merely because the plaintiff seeks declaratory or injunctive relief. *Id*. at 1010.

Zheng alleges that USCIS applied the challenged practice when it denied his own petition, and he relies on that denial as the source of his injury. Although he seeks declaratory and prospective injunctive relief, resolving his claims would require a determination as to whether USCIS used lawful standards and procedures in his I-829 adjudication.

The INA supplies a review path for that determination. Zheng may seek review in removal proceedings. *See* 8 U.S.C. § 1186b(c)(3)(D); 8 C.F.R. § 216.6(d)(2). Any later judicial review proceeds through the petition-for-review process. *See* 8 U.S.C. §§ 1252(a)(5), (b)(9). Zheng cannot avoid this statutory review scheme by recasting his challenge to the individual I-829 adjudication as a policy-or-practice claim. *See Nakka*, 111 F.4th at 1009–10.

**C. Zheng Lacks Standing Because He Cannot Establish Redressability**

Even if § 1252(b)(9) did not independently preclude my review of Zheng's claims, Zheng has not established Article III standing to pursue the prospective declaratory and injunctive relief he seeks. Article III requires a plaintiff to demonstrate an injury in fact that is fairly traceable to the defendant's conduct and that is likely to be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

Zheng identifies the denial of his Form I-829 petition as his "injury-in-fact." (Doc. 10 at ⁋ 17.) But he claims that he does not seek relief from that denial; instead, he seeks

declaratory and prospective injunctive relief governing USCIS's alleged future application of the challenged practice. (*Id.* at 13.) Taking him at his word, the relief requested would not affect or redress the completed I-829 adjudication. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02 (1983).

But Zheng has not shown a sufficient likelihood that he will again be subjected to the same alleged practice. Indeed, any future agency action would depend on contingent events that may not occur as anticipated, or at all. A past injury cannot supply standing for prospective equitable relief absent a sufficient likelihood that the plaintiff will again be wronged in a similar way. *Lyons*, 461 U.S. at 102, 105–11. Accordingly, even if § 1252(b)(9) does not foreclose review, Zheng lacks standing because the prospective relief he seeks is not likely to redress his alleged injury.

## IV. LEAVE TO AMEND

Rule 15 provides that the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). As the term "freely" suggests, this "policy is to be applied with extreme liberality." *Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1102 (9th Cir. 2018) (citation omitted). "Although leave to amend should be given freely, denying leave is not an abuse of discretion if it is clear that granting leave to amend would have been futile." *In re Cloudera, Inc.*, 121 F.4th 1180, 1189–90 (9th Cir. 2024) (citation omitted). Because the jurisdictional defects identified here cannot be cured by amendment and amendment would therefore be futile, Zheng will not be granted leave to amend.

## V. CONCLUSION

Because Zheng's claims arise from the adjudication and denial of his I-829 petition, § 1252(b)(9) channels those claims to the statutory review process. I therefore lack subject matter jurisdiction over Zheng's claims.

Accordingly,

///

///

///

**IT IS ORDERED** granting Defendants' Motion to Dismiss, (Doc. 18), without prejudice and without leave to amend. The Clerk of Court shall enter judgment accordingly and close this case.

Dated this 25th day of September, 2026.

Honorable Sharad H. Desai
United States District Judge